# Staunton

BURMAN PATTERSON V. COMMONWEALTH.

September 19, 1935.

Present, All the Justices.

The opinion states the case.

*Carleton Penn,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

CAMPBELL, C. J., delivered the opinion of the court.

The plaintiff in error was tried on an indictment charging him with larceny of two radios, the property of C. R. Roberts, of the aggregate value of $82, was found guilty of grand larceny and his punishment fixed at one year in the penitentiary. The refusal of the court to set aside the verdict of the jury as unsupported by the evidence and as against the weight of the evidence, is assigned as error.

It appears from the record that on the night of March 28, 1934, the storehouse of C. R. Roberts, situated in the town of Salem, Virginia, was broken into by James McFadden, Henry Taylor and Matthew Hobson, and along with other goods and merchandise, three radios were stolen by the thieves. A short time after the commission of the offense the three boys were arrested and charged with the offense and they made a full and complete confession to the police officers as to their complicity in the crime.

No contention is made that the accused was in any way connected with the housebreaking or actual larceny of the radios. The case of the Commonwealth is rested on the ground that accused was proceeded against and convicted, under the provisions of section 4448 of the Code, of having in his possession stolen goods or having aided

in concealing stolen goods, knowing them to have been stolen. That section provides:

"If any person buy or receive from another person, or aid in concealing any stolen goods or other thing, knowing the same to have been stolen, he shall be deemed guilty of larceny thereof, and may be proceeded against, although the principal offender be not convicted."

In construing the statute, this court held in *Stapleton's Case,* 140 Va. 475, 487, 124 S. E. 237, that under the statute on the charge of actual larceny it was permissible to prove constructive larceny by showing that the accused received stolen goods, knowing them to be stolen. However, to warrant a conviction under the statute, four things must be proved: "(1) That the goods or other things were previously stolen by some other person. (2) That the accused bought or received them from another person, or aided in concealing them. (3) That at the time he so bought or received them, or aided in concealing them, he knew they had been stolen. (4) That he so bought or received them, or aided in concealing them, *malo animo,* or with a dishonest intent." *Hey* v. *Commonwealth,* 32 Gratt. (73 Va.) 946, 34 Am. Rep. 799.

Prior to the revision of the Code of 1919, this court, in its consideration of an assignment of error that the verdict of a jury was contrary to the evidence or without evidence to support it, when the evidence—not the facts—was certified, held that the case was to be determined as on a demurrer to the evidence. Since the adoption of section 6363, Code of 1919, the statutory rule is that when a case at law, civil or criminal, is tried by a jury or by the court, and a party excepts to the decision on the ground that it is contrary to the evidence, and the evidence is certified to this court, the judgment by the trial court shall not be set aside, unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it. By that rule the case at bar must be determined.

The pertinent facts, as they involve the accused, are as follows: Burman Patterson, the accused, was a colored storekeeper in the town of Salem, and prior to the present charge against him possessed an excellent reputation for honesty. On the morning after the storehouse was entered, the accused, who was the owner of an automobile, was preparing to drive to the city of Roanoke, which is only a few miles from the town of Salem. He was requested by McFadden and Taylor, two neighborhood youths, to convey them to Roanoke. Accused readily consented and the radios were placed in the automobile and transported to Roanoke. After interviewing several prospective customers, one of the radios was sold at a reduced price and the other one was left with the owner of a pressing shop. There is some evidence that accused asked one of his friends to purchase a radio, but this evidence was denied. Accused stated that the boys informed him that the radios belonged to one Bowman, a merchant in Salem for whom Taylor had been working. That statement was not directly controverted. Accused, during the stay in Roanoke, was separated from Taylor and McFadden and was attending to the business which had taken him to Roanoke. It also appears that accused was "handed" two dollars on the way back to Salem and he accepted the money in payment of transportation.

It is a fundamental rule of criminal law that an accused is entiled to an acquittal, unless the fact of guilt is proven to the actual exclusion of every reasonable hypothesis of his innocence. In other words, a conviction cannot be based upon suspicion of guilt.

While the conveying of stolen radios from Salem to Roanoke may create a suspicion of guilt, that fact alone is not sufficient to warrant a conviction in the absence of proof that the accused ever had the stolen property in his exclusive possession. It is a far cry to say that accused aided in concealing the stolen radios, when the proof is that they were being openly hawked about the

streets of Roanoke, both in his presence and during his absence from the scene of negotiations.

When we weigh the evidence of the Commonwealth along with the good reputation of the accused, which in a doubtful case deserves great consideration, we are of opinion that the proof adduced fails to establish the guilt of the accused beyond a reasonable doubt.

The judgment of the lower court will be reversed and annulled and the case remanded for a new trial, if the attorney for the Commonwealth be so advised.

*Reversed.*